UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCOTT MICHAEL MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:23-cv-00392-CCB-SLC |
| | ) |
| ERICA BASHARA, *Family care manager/ supervisor*, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

*Pro so* Plaintiff has filed a second motion asking that the Court recruit counsel to represent him pro bono. (ECF 25; *see* ECF 20). The Court denied his first motion because Plaintiff had not satisfied the threshold requirement of contacting at least three attorneys concerning his case. (ECF 22). In the present motion, Plaintiff states that he has contacted six attorneys about his case. (ECF 25).

As explained in the March 4, 2024, Order, "[c]ivil litigants do not have a right, either constitutional or statutory, to court-appointed counsel." (ECF 22 at 1 (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995))). "Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is 'unable to afford counsel.'" (*Id.* (quoting 28 U.S.C. § 1951(e)(1))).

The Seventh Circuit Court of Appeals has identified several factors that a district court should weigh when considering a request for counsel: "(1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself." (*Id.*

(citing *Pruitt*, 503 F.3d at 654-58)). Given that Plaintiff has contacted six attorneys about this case, he has now satisfied the first inquiry.

As to the second inquiry, the Court considers "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (citing *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

In this action, Plaintiff claims that Defendants made false accusations that resulted in Plaintiff's son being removed from Plaintiff's home. (ECF 4 at 2). After several foster home placements, Plaintiff's son ran away, and when Plaintiff asked Defendants for updates about his son's whereabouts and well-being, he heard nothing from them. (*Id.*). Plaintiff asserts that Defendants violated his civil rights in this series of events, and the Court granted him leave to proceed on his claims against Defendants Erica Bashara and Jasmine Fox in their individual capacities. (*Id.* at 2-3).[1]

As to the difficulty of the case, just two individual Defendants remain. While Plaintiff would not have knowledge of all the actions these Defendants took or did not take relating to his son, he would have personal knowledge of his own communications with them. Further, Plaintiff

---

[1] Defendant Department of Child Services has been dismissed. (*Id.* at 3).

has some experience as a *pro se* litigator, as he has a second case pending in this district. *See Martin v. Gladieux*, No. 1:23-cv-30-HAB-SLC (N.D. Ind. filed Jan. 17, 2023). He is literate and has prepared and filed several documents in this case since filing it in September 2023 (s*ee*, *e.g.*, ECF 3, 11, 20, 23, 25), and his complaint adequately articulates his claims (ECF 1). He has sufficient oral and written communication skills to proceed *pro se*, as demonstrated by his participation in a scheduling meeting with opposing counsel and in the preliminary pretrial conference before this Court. (ECF 17-19). As such, it does not appear that the legal and factual difficulty of the case exceeds Plaintiff's abilities.

Furthermore, this case is still in the early stages of litigation. Defendants have filed a motion to dismiss asserting that all of Plaintiff's claims are barred by the statute of limitations. (ECF 13). Plaintiff has filed a response to the motion to dismiss (ECF 23), and Defendants have replied (ECF 24). Given that the motion to dismiss is ripe for ruling before the District Judge and that discovery has been stayed pending the Court's ruling on the motion to dismiss (ECF 19), the Court considers Plaintiff's request for court-recruited counsel premature at this early stage of the case. Plaintiff has the ability to litigate his case *pro se* at this juncture.

Accordingly, Plaintiff's motion for court-recruited counsel (ECF 25) is DENIED. In the event Plaintiff's case survives the motion to dismiss and increases in complexity as discovery proceeds or reaches the summary judgment stage, the Court will reconsider Plaintiff's request for counsel upon further motion. Plaintiff is FOREWARNED that any motions of a duplicative

nature seeking court-recruited counsel filed before described events occur will be SUMMARILY DENIED.

SO ORDERED.

Entered this 8th day of April 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge