UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCOTT MICHAEL MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CHILD SERVICES, ERICA BASHARA, and JASMINE FOX, <br><br> Defendants. | CAUSE NO. 1:23-CV-392-CCB-SLC |

OPINION AND ORDER

Scott Michael Martin, a prisoner without a lawyer, filed a complaint naming three defendants: Department of Child Services,[1] Erica Bashara and Jasmine Fox. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The complaint names the Department of Child Services (DCS) as a defendant, but it is not a "person" that can be sued for constitutional violations under 42 U.S.C. §

---

[1] A prior order dismissed the Department of Child Services, but that order was vacated on June 13, 2024. ECF 30.

1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66, 70–71 (1989). Moreover, it is a State agency which has immunity under the Eleventh Amendment. *See Silva v. Wisconsin*, 917 F.3d 546, 565 (7th Cir. 2019). Therefore, all the claims against the Department of Child Services will be dismissed.

Martin alleges that in April 2016,[2] Erica Bashara and Jasmine Fox (DCS employees) entered his residence, removed custody of his son, and brought a CHINS case based on false accusations. These claims are untimely. Martin signed his complaint on September 12, 2023, more than seven years after these alleged events. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Because it is too late to bring these claims, they will be dismissed.

Martin alleges that while his son was in foster care, the boy was moved several times and ultimately ran away. He alleges Jasmine Fox told him she would let him know when she had updates about the boy, but did not do so. He alleges he called Erica Bashara a week later, but she did not return his calls. Martin does not say when these events happened, but they appear to have been within the past two years.

---

[2] The complaint alleges these events occurred in April 2014, but Martin later clarified they happened in April 2016. ECF 23 at 1.

To the extent Martin is trying to assert claims on behalf of his son, he cannot because he is not an attorney. *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). As to not having his calls returned and not being given updates, the court cannot discern how these facts give rise to a cognizable federal claim. It is understandable why Martin is distraught about his son being missing, but this complaint does not state a claim against Erica Bashara or Jasmine Fox.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on June 18, 2024.

s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT
